IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMAL REYES, )
)
Petitioner, )
)
v. ) Civil Action No. 3:14CV209–HEH
)
WARDEN KIRBY, )
)
Respondent. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

Jamal Reyes, a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2241 petition with the United States District Court for the Western District of Pennsylvania. That Court transferred the action to this Court.[1] In his § 2241 Petition, Reyes asserted that the Court incorrectly sentenced him as a career offender. By Memorandum Opinion and Order entered on May 22, 2014, the Court dismissed the action for want of jurisdiction. *Reyes v. Kirby*, No. 3:14CV209–HEH, 2014 WL 2155350, at *2 (E.D. Va. May 22, 2014). On June 9, 2014, the Court received from Reyes a motion seeking relief under Federal Rule of Civil Procedure 59(e).

---

[1] On April 21, 2006, the Court sentenced Reyes to 175 months of imprisonment. By Memorandum Opinion and Order entered on February 12, 2009, the Court denied a 28 U.S.C. § 2255 motion filed by Reyes. The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to entertain any motion under 28 U.S.C. § 2255 from Reyes.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Reyes fails to satisfy any of the above grounds for relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 9) will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept 3, 2014
Richmond, Virginia

2